IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,

    Plaintiff,

        v.

KATHRYN DAY et al.,

    Defendants.

Civil Action No. 8:13-cv-00231-AW

**MEMORANDUM OPINION**

Pending before the Court is Defendants' Motion to Dismiss. The Court has reviewed the record and deems a hearing necessary. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Great American Company of New York (Plaintiff) brings this action against the following Defendants: (1) Kathryn Day; (2) Julie Allison; and (3) Case Marine Contracting, LLC (Case Marine). In 2005, Case Marine started performing work on Day and Allison's Chesapeake Bay property. Day and Allison believed that Case Marine performed the work improperly and negligently. Eventually, Day and Allison brought separate suits against Case Marine in the Circuit Court for Anne Arundel County. Case Marine failed to appear and, in February 2011, judgments against it were entered in both lawsuits.

In March 2012, Day and Allison sent Plaintiff a letter contending that Plaintiff was obligated to satisfy their judgments against Case Marine pursuant to insurance policies. Plaintiff responded by saying that the policies did not require it to satisfy the judgments.

In August 2012, Plaintiff filed a declaratory judgment action in the District of Maryland before Judge Chasanow. In this action, Plaintiff sought a judgment declaring that the policies do not obligate it to satisfy Day and Allison's judgments against Case Marine. Although summonses were issued in this action, the record reflects that service of process was never completed and that Plaintiff voluntarily dismissed the suit in December 2012.

In late August 2012, Day and Allison filed motions to implead Plaintiff as an indemnitor in the state court lawsuits. These motions were granted in late September/early October 2012. Plaintiff filed motions to dismiss or, alternatively, to quash in the state court actions. These motions were granted in part and denied in part, with the result that service was quashed and summonses reissued. Although Plaintiff has represented that service of process had not been completed at the time it filed its Opposition, public record indicates that service of process was effected in both Day and Allison's actions in mid-April 2013.

On January 23, 2013, Plaintiff filed its Complaint for Declaratory Judgment (Complaint). As with the voluntarily dismissed action before Judge Chasanow, Plaintiff generally seeks a judgment declaring that it is not liable for Day and Allison's state court judgments against Case Marine. Defendants Day and Allison moved to dismiss on February 7, 2013. Doc. No. 7.[1] Day and Allison argue that the Court should decline to exercise jurisdiction because of the pendency of the state court actions and the fact that Plaintiff has already been impleaded in them. For these essential reasons, Day and Allison suggest that this action amounts to forum shopping.

---

[1] Although a summons was issued as to Case Marine and there still appears to be a small amount of time within which to effect service, Plaintiff has not filed a return of service as to Case Marine.

## II. ANALYSIS

"'[A] federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.'" *Senior Execs. Ass'n v. United States*, Civil Action No. 8:12–cv–02297–AW, 2013 WL 1316333, at *21 (D. Md. Mar. 27, 2013) (quoting *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citations omitted)). To determine whether to proceed with a federal declaratory judgment action when a parallel state court action is pending, the Fourth Circuit has focused on four factors: "(1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state court could resolve the issues more efficiently than the federal court; (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal court; and (4) whether the federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping. *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006). "This less demanding standard reflects the distinct features of the Declaratory Judgment Act and the greater discretion afforded federal courts in declaratory judgment actions." *See AMEX Assur. Co. v. Giordano*, Civil Action No. AW–12–cv–2640, 2013 WL 656358, at *9 (D. Md. Feb. 21, 2013) (citation omitted).

*1.    Whether the state has a strong interest in having the issues decided in its courts*

This factor does not favor Day and Allison. Both this Court and the state courts at issue are in the state of Maryland. Furthermore, were the action to remain in this Court, Maryland law

would presumably apply to the interpretation of the contract. Therefore, the Court proceeds to look at the other factors.

2. *Whether the state court could resolve the issues more efficiently than the federal court*

This factor supports declining to exercise declaratory judgment jurisdiction. Judgment has already been entered in Day and Allison's favor in state court and Plaintiff has already been impleaded into the same actions. Presumably, the state court judges that entered judgment in Day and Allison's favor against Case Marine have developed some understanding of the case. For instance, Case Marine's actions and/or omissions in the state court cases may inform the interpretation of certain terms of the contract and, hence, whether Plaintiff is liable for indemnification. Furthermore, although this Court has ample experience in contract, tort, and insurance law, it may be the case that the state court judges tend to hear such indemnification disputes with more regularity. Accordingly, factor (2) weighs in favor of Day and Allison.

3. *Whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal court*

This factor strongly supports declining to exercise jurisdiction. The third factor is implicated where "issues of law and fact sought to be adjudicated in the federal action are already being litigated by the same parties in the related state court action." *Great Am.*, 468 F.3d at 212. Here, the same questions that Plaintiff asks the Court to resolve and pending before state court judges, and the same parties are involved in those suits. Furthermore, the state courts exercised jurisdiction over these issues before this Court. Whereas Day and Allison's motions for impleader were granted in late September/early October 2012 in the state court actions, Plaintiff failed to file the instant dispute until January 2013. Accordingly, factor (3) strongly favors the declination of jurisdiction.

*4.  Whether the federal action is mere procedural fencing in the sense that the action is merely the product of forum shopping*

Although the Court cannot conclude that Plaintiff filed this case in bad faith, factor (4) still favors Day and Allison. As stated, whereas Day and Allison's motions for impleader were granted in late September/early October 2012, Plaintiff filed the instant dispute in January 2013. Granted, Plaintiff suggests that the filing of the case did not amount to forum shopping because it filed the August 2012 action before Judge Chasanow before Day and Allison filed their late-August 2012 motions for interpleader. Plaintiff further suggests that the fact that service was quashed in state court gave it good reason to file the instant actions. However, the record reflects that Day and Allison never received notice of the action before Judge Chasanow. Furthermore, even though service in the state court actions was quashed, the record reflects that it was quashed due to a basic technical defect that was readily curable. Thus, without imputing an improper motive to Plaintiff, the filing of this action at least raises the specter of forum shopping. Besides, notwithstanding Plaintiff's motive in filing this action, declining to exercise jurisdiction promotes comity given that Plaintiff had been impleaded into the state court actions before the start of this case.

## III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Day and Allison's Motion to Dismiss. The only remaining Defendant is Case Marine. Assuming that an independent basis for jurisdiction exists over any dispute between Plaintiff and Case Marine, Plaintiff has not adequately alleged or shown that there is an "actual controversy" between it and Case Marine, let alone that there is one of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Furthermore, given the dismissal of Day and Allison, essential parties to

the three-way dispute, exercising jurisdiction would constitute an abuse of discretion. Accordingly, the Court cannot properly exercise declaratory judgment jurisdiction over any dispute between Plaintiff and Case Marine. Consequently, the Court dismisses the entire action. A separate Order follows.

| May 14, 2013 | /s/ |
| --- | --- |
| Date | Alexander Williams, Jr.<br>United States District Judge |